UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JIMMY TORRES, <br> BOP No. 93181-280, <br><br> Movant, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | § § § § § § § § § § § | CAUSE NO. SA-14-CV-323-OG(HJB) <br> [SA-12-CR-359(1)-OG] |

## ORDER

On this date came on to be considered the motion of movant to vacate, set aside, or correct his sentence pursuant to Title 28 U.S.C. Section 2255 (docket no. 596). The Court having reviewed the motion is of the opinion that movant has wholly failed to allege any specific facts to support his conclusory assertions of ineffective assistance by his trial counsel and, therefore, denies movant's cryptic motion.

### I. Background

Pursuant to a written plea agreement (docket entry no. 404), movant entered guilty pleas on November 6, 2012 before the Magistrate Judge to one count of possession of a firearm by a prohibited person, one count of possession of a firearm by an illegal alien, and twenty nine counts of making false statements during the purchase of a firearm. In an Order issued November 7, 2012 (docket entry no. 408), this Court accepted the Magistrate Judge's recommendation and accepted movant's guilty pleas. On April 4, 2013, this Court sentenced movant to serve (1) concurrent 120-month terms of imprisonment for the first two counts, (2) concurrent 60-month terms of imprisonment on the remaining counts, with (3) the sixty-month terms to be served consecutively

to the 120-month terms for a total of 180 months (docket entry nos. 546 & 550). On April 17, 2013, this court issued an Amended Judgment setting the same terms of imprisonment (docket entry no. 562). Movant did not appeal his conviction or sentence.

## II. Motion to Vacate

On April 9, 2014, movant filed a skeletal motion to vacate, set aside, or correct his sentence (dated April 4, 2014) pursuant to Title 28 U.S.C. Section 2255 (docket entry no. 596). As grounds for relief, movant's motion to vacate states "ineffective assistance of counsel both pre trial, plea, and sentencing." In the portion of the form Section 2255 motion where movant was directed to state any supporting facts, movant wrote "please see forthcoming memorandum of points and authorities." This Court has waited patiently for more than two weeks but, as of this date, has received no "memorandum" or other pleading from movant suggesting there are any facts which support movant's wholly conclusory assertion of ineffective assistance by his trial counsel.

## III. Standard of Review

Generally speaking, Section 2255 provides relief for a convicted federal criminal defendant who can establish that either (1) her sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994); *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. denied*, 504 U.S. 962 (1992); 28 U.S.C. § 2255.

Not all complaints about a sentence may be brought initially through a Section 2255 motion. Section 2255 relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Section 2255 does not reach errors not of a constitutional or jurisdictional magnitude that could have been reached by a direct appeal. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *United States v. Payne*, 99 F.3d at 1281; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). "Nonconstitutional claims that could have been raised in a direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Payne*, 99 F.3d at 1281.

A defendant may not raise an issue, regardless of whether constitutional or jurisdictional in nature for the first time on collateral review without showing both "cause" and "actual prejudice" resulting from the error. *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000); *United States v. Cervantes*, 132 F.3d at 1109; *United States v. Gaudet*, 81 F.3d at 589.

### IV. AEDPA Analysis of Limitations

> Section 2255(f)(1) provides [a Section 2255 movant] with a one-year period in which to file his motion, running from "the date on which the judgment of conviction becomes final." For § 2255(f)(1), "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003)(citations omitted).

*United States v. Redd*, 562 F.3d 309, 311 (5th Cir.), cert. denied, 558 U.S. 917 (2009).

Movant's federal criminal conviction became final for purposes of Section 2255(f)'s one-year statute of limitations not later than the date the deadline for the filing of his Notice of Appeal from

3

his conviction expired, i.e., on the fourteenth day after the entry of the Amended Judgment in his case - on May 1, 2014. *See United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (holding that, when a federal criminal defendant fails to file a timely Notice of Appeal, the defendant's conviction becomes final for purposes of Section 2255(f) upon the expiration of the deadline for filing a timely Notice of Appeal); FED. R. APP. P. 4(b)(1).[1] Thus, the deadline for the filing of movant's Section 2255 motion expired on May 1, 2014.

It is true that the one-year limitations period of the Anti-Terrorism and Effective death Penalty Act ("AEDPA") as codified in Section 2255(f) is not jurisdictional and is, therefore, subject to equitable tolling. *United States v. Petty*. 530 F.3d 361, 364 (5th Cir. 2008). Equitable tolling, however, is permitted only in rare and exceptional circumstances:

> ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result.")(quotation omitted).

*United States v. Petty*, 530 F.3d 361, 364-65 (5th Cir. 2008).

Movant has alleged no facts showing that any external impediment prevented him from filing a timely motion pursuant to Section 2255. Nor has movant alleged any specific facts showing any other exceptional circumstances existed that prevented him from filing his Section 2255 motion in a timely manner.

---

[1] The Fifth Circuit's opinion in *Plascencia* dealt with a federal criminal defendant whose appeal deadline expired ten days after entry of judgment. In 2009, Rule 4(b) of the Federal Rules of Appellate Procedure was amended to provide a new deadline of fourteen days with regard to Notices of Appeal filed in criminal proceedings.

4

Under such circumstances, should movant attempt at this juncture to amend his original Section 2255 motion by alleging specific facts supporting his conclusory assertion of ineffective assistance, such amended motion would be untimely and properly subject to summary dismissal.

## V. Ineffective Assistance Claims

The Sixth Amendment entitles criminal defendants to "the effective assistance of counsel," *i.e.*, legal representation that does not (1) fall below an objective standard of reasonableness in light of prevailing professional norms and the circumstances of the defendant's case (*Wong v. Belmontes*, 558 U.S. 15, 16-17, 130 S.Ct 383, 384, 175 L.Ed.2d 328 (2009); *Bobby v. Van Hook*, 558 U.S. 4, 7, 130 S.Ct. 13, 16, 175 L.Ed.2d 255 (2009)); and (2) give rise to a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different (*Porter v. McCollum*, 558 U.S. 30, 38-40, 130 S.Ct. 447, 452-53, 175 L.Ed.2d 398 (2009); *Wong v. Belmontes*, 558 U.S. at 19-20, 130 S.Ct. at 386).

The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of *trial* counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

To satisfy the first prong of *Strickland*, i.e., establish that his counsel's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000). In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *Strickland v. Washington*, 466 U.S. at 687-91, 104 S.Ct. at 2064-66. Courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight. *See Wiggins v. Smith*, 539 U.S. at 523, 123 S.Ct. at 2536 (holding the proper analysis under the first prong of *Strickland* is an objective review of the reasonableness of counsel's performance under prevailing professional norms which includes a context-dependent consideration of the challenged conduct as seen from the perspective of said counsel at the time). "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant." *Bobby v. Van Hook*, 558 U.S. at 7, 130 S.Ct. at 16; *Strickland v. Washington*, 466 U.S. at 688-89, 104 S.Ct. at 2065. It is strongly presumed counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. at 2066.

To satisfy the "prejudice" prong, a convicted defendant must establish a reasonable probability that, but for the objectively unreasonable misconduct of his counsel, the result of the proceeding would have been different. *Wiggins v. Smith*, 539 U.S. at 534, 123 S.Ct. at 2542;

*Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Id.*

A habeas petitioner has the burden to prove both prongs of the *Strickland* ineffective assistance standard by a preponderance of the evidence. *Rogers v. Quarterman*, 555 F.3d 483, 489 (5th Cir. 2009), *cert. denied*, 558 U.S. 839 (2009); *Blanton v. Quarterman*, 543 F.3d at 235; *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000), *cert. denied*, 522 U.S. 1067 (2001).

Under the well-settled *Strickland* standard, the Supreme Court recognizes a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Bell v. Cone*, 535 U.S. at 698, 122 S.Ct. at 1852; *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. at 2066; *Scheanette v. Quarterman*, 482 F.3d 815, 820 (5th Cir. 2007; *Sonnier v. Quarterman*, 476 F.3d 349, 356 (5th Cir. 2007), *cert. denied*, 552 U.S. 948 (2007), *stay of execution denied*, 555 U.S. 1160 (2009); *Amador v. Quarterman*, 458 F.3d at 410; *Gonzales v. Quarterman*, 458 F.3d 384, 390 (5th Cir. 2006), *cert. denied*, 549 U.S. 1323 (2007).

Conclusory assertions of ineffective assistance, such as those presented by movant in his skeletal motion to vacate, are insufficient to present a claim for relief. *Woodfox v. Cain*, 609 F.3d 774, 819 n.17 (5th Cir. 2010) (conclusory arguments regarding how speculative evidence would have rendered a prosecution witness's testimony inadmissible insufficient to support a claim for ineffective assistance); *Gregory v. Thaler*, 601 F.3d 347, 353 (5th Cir.) (conclusory statements regarding the content of uncalled witnesses' testimony insufficient to demonstrate ineffective assistance), *cert. denied*, ___ U.S. ___, 131 S. Ct.. 265, 178 L. Ed. 2d 175 (2010); *Day v.*

*Quarterman*, 566 F.3d 527, 540 (5th Cir. 2009) (mere allegation of ineffective assistance during cross-examination does not permit the Court to examine whether counsel's failure prejudiced the defendant); *United States v. Demik*, 489 F.3d 644, 646 (5th Cir.) ("Conclusory allegations are insufficient to raise cognizable claims of ineffective assistance of counsel."), *cert. denied*, 552 U.S. 982 (2007); *Murphy v. Dretke*, 416 F.3d 427, 436-37 (5th Cir. 2005) (petitioner's reference to "the entire voir dire record" held conclusory and insufficient to support allegations of disparate questioning of African-American venire members by the prosecution), *cert. denied*, 546 U.S. 1098 (2006); *United States v. Holmes*, 406 F.3d 337, 361 (5th Cir.) (complaints about defense counsel's "passivity" and failure to object during the prosecution's cross-examination of unspecified witnesses held conclusory and insufficient to support an ineffective assistance claim where defendant failed to identity a single improper cross-examination question by the prosecutor and a possible valid objection defense counsel could have raised), *cert. denied*, 546 U.S. 871 (2005); *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) (defendant's self-serving conclusory statement that his testimony would have resulted in an acquittal, standing alone, insufficient to satisfy prejudice prong of *Strickland* analysis).

Movant fails to allege any specific acts or omissions by movant's trial counsel which movant alleges prejudiced movant within the meaning of *Strickland*. Under such circumstances, movant's wholly conclusory assertions of ineffective assistance fail to satisfy either prong of *Strickland* analysis and must be denied.

## VI. Evidentiary Hearing Unnecessary

"A motion brought under 28 U.S.C. 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). However, when, as here, a movant for relief under Title 28 U.S.C. §2255 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *See United States v. Bartholomew*, 974 F.2d at 41 (holding there was no abuse of discretion in denying a Section 2255 motion without a hearing where the movant's assertions of ineffective assistance was wholly conclusionary in nature and refuted by reference to the record itself); *United States v. Plewniak*, 947 F.2d 1284, 1290 (5th Cir. 1991)(holding an evidentiary hearing is not necessary when the file and records conclusively show the prisoner entitled to no relief), *cert. denied*, 502 U.S. 1120 (1992). Moreover, wholly conclusory assertions devoid of specific factual support do not warrant an evidentiary hearing. *Iacovetti v. United States*, 534 F.2d 1189, 1190 (5th Cir. 1976).

Movant has failed to allege any specific facts supporting his ineffective assistance claims which satisfy either prong of *Strickland* analysis. Where, as here, the movant has furnished only vague conclusions in support of her claims, no evidentiary hearing is necessary. *See United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007) (conclusory allegations of ineffective assistance were insufficient to warrant an evidentiary hearing), *cert. denied*, 552 U.S. 982 (2007); *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (conclusions devoid of specific factual support do not require an evidentiary hearing), *cert. denied*, 548 U.S. 908 (2006).

## VII. Certificate of Appealability

Before a movant may appeal the denial of a motion to vacate sentence filed under Section 2255, the movant must obtain a Certificate of Appealability ("CoA"). *Hohn v. United States*, 524 U.S. 236, 239-40, 118 S.Ct. 1969, 1972, 141 L.Ed.2d 242 (1998); *United States v. Hall*, 455 F.3d 508, 513 (5th Cir. 2006), *cert. denied*, 549 U.S. 1343 (2007); *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); 28 U.S.C. §2253(c)(1)(B). Appellate review is limited to the issues on which a CoA is granted. *See Larry v. Dretke*, 361 F.3d 890, 896 (5th Cir.)(holding a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues), *cert. denied*, 543 U.S. 893 (2004); *Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002), (holding the same); *Jones v. Cain*, 227 F.3d 228, 230 n.2 (5th Cir. 2000) (holding the same); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997)(holding the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has been granted). In other words, a CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone. *Larry v. Dretke*, 361 F.3d at 896; *Crutcher v. Cockrell*, 301 F.3d at 658 n.10; *Lackey v. Johnson*, 116 F.3d at 151; *Murphy v. Johnson*, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3). This Court is authorized to address the propriety of granting a CoA *sua sponte*. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

A CoA will not be granted unless the movant makes a substantial showing of the denial of a constitutional right. *Hohn v. United States*, 524 U.S. at 240, 118 S.Ct. at 1972; *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S.Ct. 2562, 2569, 159 L.Ed.2d 384 (2004); *Miller-El v. Johnson*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383,

3394, 77 L.Ed.2d 1090 (1983); *United States v. Hall*, 455 F.3d at 513; *United States v. Webster*, 392 F.3d at 791; *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002), *cert. denied*, 537 U.S. 1018 (2002). To make such a showing, the movant need *not* show that he will prevail on the merits but, rather, must demonstrate reasonable jurists could debate whether (or, for that matter, agree) the motion should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard v. Dretke*, 542 U.S. at 282, 124 S.Ct. at 2569; *Miller-El v. Johnson*, 537 U.S. at 336, 123 S.Ct. at 1039; *Slack v. McDaniel*, 529 U.S. at 484, 120 S.Ct. at 1604; *Barefoot v. Estelle*, 463 U.S. at 893 n.4, 103 S.Ct. at 3394 n.4; *United States v. Webster*, 392 F.3d at 791; *United States v. Jones*, 287 F.3d at 329.

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists could find the court's assessment of the constitutional claim to be debatable or wrong. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Johnson*, 537 U.S. at 338, 123 S.Ct. at 1040 (*quoting Slack v. McDaniel*, 529 U.S. at 484, 120 S.Ct. at 1604). "In a case in which the movant wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default or limitations, the movant must show jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right *and* whether this Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484, 120 S.Ct. at 1604 (holding, when a district court denies a habeas claim on

procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

Viewed in proper context, there is no basis for disagreement among jurists of reason with regard to this Court's disposition of movant's wholly conclusory ineffective assistance claims herein. Movant has furnished no specific facts in support of his conclusory ineffective assistance claims within the applicable one-year statute of limitations. Movant has alleged no facts showing any external impediment or exceptional circumstances prevented him from alleging specific facts in support of his ineffective assistance claims within the applicable one-year limitations period. Movant has alleged no specific facts showing the performance of his trial counsel in any way fell below an objective level of reasonableness or that any act or omission by his trial counsel "prejudiced" movant within the meaning of *Strickland*. More specifically, movant has failed to allege any facts showing that, but for any act or omission by movant's trial counsel movant either (1) would not have been convicted of the offenses to which movant pleaded guilty or (2) movant would have received a less harsh sentence. Reasonable jurists could not disagree with this conclusion.

Accordingly, it is hereby **ORDERED** that:

1. The referral of this cause to the Magistrate Judge is **WITHDRAWN**.

2. Movant's motion to vacate, set aside, or correct her sentence pursuant to Title 28 U.S.C. Section 2255, FILED April 9, 2014 (docket entry no. 596) is in all respects **DENIED**.

3. Movant's request for an evidentiary hearing is **DENIED**.

4. Movant is **DENIED** a Certificate of Appealability.

5. The Clerk is directed to send a courtesy copy of this Order to the United States Attorney.

**SIGNED** this _5_ day of May, 2014, at San Antonio, Texas.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE